**243 A.2d 90.**

RIVERHOUSE PUBLISHING COMPANY *vs.* PROVIDENCE JOURNAL COMPANY.
SAME *vs.* SAME.

JUNE 17, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. We have consolidated the above actions because of their common relationship to the efficacy of a judgment entered by the superior court. Riverhouse Publishing Company (Riverhouse) is a Rhode Island corpo-

ration. It publishes a certain reference book entitled *Leading Men In The United States Of America*. This publication is a biographical encyclopedia of individuals who presumably fit the description set forth in its title. The Providence Journal Company (*The Journal*) is the publisher of a daily newspaper known as *The Providence Journal*. In the first action, Riverhouse is before us on its appeal from a judgment of the superior court dismissing its amended complaint against *The Journal*. In the second action, Riverhouse has filed a petition pursuant to G. L. 1956, §9-21-6, as amended, wherein it asks that we allow it to prosecute an appeal from the superior court judgment denying and dismissing its amended complaint.

The record shows that on November 4, 1966, Riverhouse commenced an action for libel against *The Journal* based upon an article published on November 4, 1965 in *The Providence Journal*. The article had been written by a nationally syndicated columnist. *The Journal* filed a motion to dismiss the complaint because it failed to state a claim upon which relief could be granted. This motion was heard by a superior court justice on January 20, 1967. He granted the motion but gave Riverhouse 20 additional days in which it might file an amended complaint. On February 9, 1967, an amended complaint was filed and it was followed by a second motion to dismiss. The grounds of this motion were substantially identical with those set forth in the first motion to dismiss.

The latter motion was heard by the superior court on March 2, 1967. Memoranda in support of the respective parties' positions were thereafter filed with the court. On May 11, 1967, the justice rendered a written decision which granted the second motion. A judgment was entered on the following day, May 12, which dismissed the action.

On May 27, 1967, Riverhouse filed a motion pursuant to rule 60 (b) of the superior court rules of civil procedure

wherein it sought permission to reargue the dismissal motion or in the alternative to further amend the amended complaint. This motion was denied in all respects on June 29, 1967. Thereafter, on July 18, 1967, Riverhouse gave notice of its appeal to this court from the denial of its motion to amend[1] and also from the judgment of May 12, 1967.

In its brief and argument on Riverhouse's appeal, *The Journal* claimed that Riverhouse was precluded from contesting the judgment of May 12 because it had failed to prosecute an appeal to this court within the 20-day appeal period specified in rule 73 (a). We agree.

It is undisputed that in filing its motion for reargument, Riverhouse specifically stated it was proceeding pursuant to the provisions of rule 60 (b). Rule 60 (b), in addition to setting forth the various grounds upon which a party may be relieved from the operation of a judgment, expressly provides that any motion made under this subdivision will not suspend the operation of a judgment. Rule 62 (b), however, states that the superior court may in its discretion stay the execution of a judgment pending the disposition of a motion for relief therefrom which has been filed in accordance with rule 60. The reporter's notes which follow the test of rule 60 point out in plain basic language that a motion filed in reliance on rule 60 (b) will not suspend the operation of a judgment unless a stay is issued under rule 62 (b). Here, Riverhouse requested no such stay. It is well settled that a 60 (b) motion does not affect the finality of the judgment and hence does not toll the time for an appeal from the final judgment. 7 *Moore's Federal Practice* (2d ed.), ¶60.29, p. 331; 3 Barron & Holtzoff, *Federal Practice & Procedure,* §1332.

---

[1] In this court, Riverhouse has neither briefed nor argued the question of the denial of its motion to amend. In accordance with our long standing rule, it is deemed to have waived this phase of its appeal.

The 20-day period prescribed in rule 73 is a jurisdictional requirement and failure to perfect an appeal within that time cannot be waived. See *Steinhof* v. *Keefer,* 101 R. I. 472, 224 A.2d 897. Once the time set forth in the rule had elapsed, Riverhouse, not having availed itself of the proper remedies available to it, could no longer challenge by way of an appeal the May 12 judgment.

Some six weeks after we heard this appeal, Riverhouse filed with us a petition asking that it be permitted to take an appeal from the May 12 judgment on the grounds it failed to perfect its appeal because of accident, mistake, unforeseen cause or excusable neglect.

We have examined the statutory petition for relief and the memoranda in support thereof. We find nothing therein which would authorize us to permit Riverhouse to invoke the remedial provisions of the statute. Riverhouse contends that it employed only the provisions of rule 60 (b) in filing its reargument motion because it felt that the superior court, in the light of our then recent pronouncement in *Bragg* v. *Warwick Shoppers World, Inc.,* 102 R. I. 8, 227 A.2d 582, would unquestionably accede to its request. In *Bragg* we pointed out that this jurisdiction no longer operated under the common-law rules of pleading and, accordingly, on a motion to dismiss for failure to state a claim, the superior court was to construe a complaint in the light most favorable to the plaintiff with all doubts to be resolved in his favor and all allegations accepted as true. It is Riverhouse's position that the trial justice had tested the sufficiency of its amended complaint by the standards of the common law, and once the new criteria were brought to his attention the court would unhesitatingly grant its motion. The easy reply to this contention can be found in the written decision of the trial justice's granting the motion to dismiss wherein he noted that, although the rules of pleading had been liberalized

and that the office of a motion to dismiss for failure to state a claim is more restrictive than that of a demurrer, a complaint to withstand such a motion must on its face state a case of libel. It is obvious, therefore, that the court, if not Riverhouse, was well aware of the impact of the new rules on May 11, 1967 when it filed its decision.

In our opinion Riverhouse's present predicament arises solely from its failure to utilize the various provisions of the rule which would have permitted the tolling of the appeal period while it sought to reargue the earlier motion. After the judgment had been entered, Riverhouse, in addition to using rule 62, could have filed within ten days of May 12, 1967, a motion to alter or amend the judgment under rule 59. This procedure would have suspended the running of the appeal period. Of course, the necessity of this petition could have been avoided completely if Riverhouse had taken an appeal to this court prior to June 2, 1967.

Riverhouse's plight stems from a mistake of law. In *Steinhof* v. *Keefer, supra,* while we acknowledged the remedial scope of the statute, we held that it was not intended to relax the principle that a mistake of law will bar relief particularly when such a mistake relates to jurisdiction, absent some compelling reason. Our examination of the record and Riverhouse's petition discloses no such reason.

In No. 238 - Appeal, the appeal is denied and dismissed, and the judgment appealed from is affirmed.

In No. 441 - M. P., the petition to take an appeal pursuant to §9-2-6, as amended, is denied and dismissed.

*William G. Gilroy, Robert H. Breslin, Jr.,* for plaintiff.

*Edwards & Angell, Edward F. Hindle, Ronald Lagueux,* for defendant.