407 A.2d 490.

Henry Marcello *vs.* Francisco De Freitas.

OCTOBER 24, 1979.

Present: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

Kelleher, J.   This is a negligence action in which the plaintiff (Marcello) sues for the loss he sustained when in October 1970, his motor vehicle was damaged as a result of being involved in an intersectional collision with a motor vehicle owned by the defendant (De Freitas). On May 18, 1978, a justice of the District Court, after a trial, entered judgment for Marcello, awarding him $255.69 plus interest

and costs. On the following day, May 19, De Freitas, pursuant to Rule 60(b)(2) of the District Court Rules of Civil Procedure (Dist. R. Civ. P.), moved to vacate the judgment on the ground of newly discovered evidence and, relying on the terms of Dist. R. Civ. P. 62(b), he also asked the trial justice to stay the issuance of any execution. An ex parte stay was immediately granted. Later, on June 8, the trial justice, after a hearing denied both motions. Thereafter, De Freitas filed a notice of appeal to the Superior Court and demanded a jury trial. Marcello responded with a motion in which he asked (1) that the claim for jury trial be stricken and (2) that the appeal from the denial of the motion to vacate be assigned to the special cause calendar. A Superior Court justice granted the motion, and De Freitas appealed to this court.

On October 4, 1979, De Freitas appeared before us in response to our order and attempted to show cause why his appeal should not be dismissed as premature because the Superior Court has yet to rule on his appeal from the denial of the motion to vacate. At that time De Freitas made it perfectly clear that, at least as far as he was concerned, his appeal to the Superior Court had nothing to do with the June 8, 1978 denial of his motion to vacate, but what he was in fact seeking in the Superior Court by way of appeal was a review of the May 18, 1978 judgment where the District Court justice had found for Marcello and awarded the $255.69 in damages. It is our belief that this contention should be considered forthwith by us without the need of any further oral argument.

To put De Freitas' contentions in their proper perspective, it should be noted that the period for taking an appeal to the Superior Court from a judgment entered in the District Court is 2 days after the entry of judgment. G.L. 1956 (1969 Reenactment) §9-12-10; Dist. R. Civ. P. 73 Review in the Superior Court is de novo. *Burns Electronic Supply Co.* v. *Westmoreland*, 116 R.I. 332, 339, 356 A.2d 479, 483 (1976). De Freitas concedes that the 2-day appeal period following the May 18 damage award would have expired on May 20,

but he maintains that the running of the appeal period was stayed when on May 19 the District Court granted his motion to stay the issuance of execution. We cannot agree.

District Court Rules of Civil Procedure 60(b) and 62(b) are identical to their Superior Court counterparts. In his treatise on the Rhode Island Rules of Civil Procedure, Professor Kent points out that a 60(b) motion to vacate does not suspend the finality of the judgment or the time for taking an appeal and that 62(b) merely prevents the enforcement of the judgment. 1 Kent, *R.I. Civ. Prac.* §73.5 & n.38 at 515 (1969). Here, De Freitas, instead of seeking relief by 62(b), could have taken an appeal to the Superior Court and there, at a de novo trial, attempted to persuade the jury that, contrary to De Freitas' District Court testimony, there was no traffic control signal at the intersection where the collision occurred. By his failure to take the appeal, De Freitas is now precluded from challenging the May 18, 1978 monetary judgment.

Finally, we recognize that in *Riverhouse Publishing Co. v. Providence Journal Co.*, 104 R.I. 192, 194, 243 A.2d 90, 91 (1968), there is language which at first blush might seem to indicate to the reader that the grant of a 62(b) motion would suspend the running of the appeal period. Riverhouse was attempting to have the trial justice either reconsider his earlier dismissal of Riverhouse's libel complaint or, in the light of what was then our recently published opinion in *Bragg v. Warwick Shoppers World, Inc.*, 102 R.I. 8, 227 A.2d 582 (1967), allow the filing of an amended complaint. Our reference to 62(b) was merely an attempt to demonstrate the various avenues available to Riverhouse as it sought to have the trial justice reconsider his earlier determination. In fact, we specifically pointed out that had Riverhouse filed a motion under Super. R. Civ. P. 59(e) to alter or amend[1] the

---

[1] The District Court Rules have no provision which is similar to Super. R. Civ. P. 59. The omission comes about because Rule 59 deals with the grant of new trials and, as noted earlier, under District Court practice, a trial de novo may be had by the simple procedure of taking an appeal to the Superior Court.

judgment, the appeal period would have been suspended. Our allusion to 62(b) was pure dicta and affords no substantive support for the procedural route taken by De Freitas.

The show cause order previously entered in this case is withdrawn, the defendant's appeal is denied and dismissed, and the case is remanded to the District Court for the issuance of execution.

*Gunning, LaFazia & Gnys, Inc., Netti C. Vogel,* for plaintiff.

*Lembo, DeCesare & Grogan, Donald R. Lembo,* for defendant.