**WARWICK LAND TRUST, INC., et al.**

v.

**CHILDREN'S FRIEND AND SERVICE, INC., et al.**

No. 90–303–Appeal.

Supreme Court of Rhode Island.

March 23, 1992.

Arlene M. Violet, Barrington, for plaintiffs.

Charles J. McGovern, Douglas J. Rose, McGovern & Noel, Ltd., Scott T. Spear, Gorham & Gorham, Joel D. Landry, Landry & Connors, Providence, for defendants.

OPINION

MURRAY, Justice.

This is an appeal by Children's Friend and Service, Inc. (CF & S), R & F Associates (R & F), and Rhode Island Central Credit Union (RICCU) (defendants), from the denial by a Superior Court justice of their motion for the imposition of sanctions against Warwick Land Trust, Inc. (the Land Trust), for filing an allegedly frivolous lawsuit. For the reasons set forth below, we dismiss the appeal as untimely.

The record shows that on August 12, 1987, the Land Trust commenced an action in the Kent County Superior Court, asking the court to declare void the conveyance of approximately twenty acres of land from CF & S to Frank P. Sherry, and the subsequent conveyance of the land from Sherry to R & F. In addition, the Land Trust requested compensatory and/or punitive damages; reimbursement of reasonable fees and costs; and preliminary and permanent restraining orders. Additionally, on or about August 20, 1987, the Land Trust filed a notice of lis pendens in the Warwick, Rhode Island land evidence records. The defendants filed motions for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, which were granted after oral argument. An order was entered to that effect on July 1, 1988. The Land Trust appealed that order to this court on July 6, 1988, and that appeal was summarily denied and dismissed per order dated February 23, 1989. The Land Trust filed a petition for reargument, which was denied on March 13, 1989. The Land Trust petitioned the United States Supreme Court by writ of certiorari to review this court's order dismissing its appeal. That Court summarily dismissed the petition in October 1989. *Friends of Warwick Pond and Hoxsie v. Children's Friend and Service, Inc.*, 493 U.S. 882, 110 S.Ct. 218, 107 L.Ed.2d 172 (1989). Then R & F petitioned the Superior Court sitting in Kent County for the removal of the notice of lis pendens, and on March 20, 1989, the notice of lis pendens was ordered removed.

The defendants filed with the Superior Court a motion for findings under G.L.1956 (1985 Reenactment) § 9–29–21, as amended by P.L.1987, ch. 522, § 8. That statute requires that every pleading, motion, and paper of a party represented by an attorney be signed by an attorney prior to filing. However, a client not represented by an attorney may also sign court papers. More significantly, the statute states that the

attorney's signature constitutes a certification that the lawyer has read the document and that "to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Id.* In addition the statute requires that the papers not be filed "for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." *Id.* Section 9–29–21 permits judges to impose sanctions, including attorneys' fees, for violation of the statute. After a hearing, defendants' motion for findings under this statute was denied per order dated September 13, 1989. No appeal was taken from this order.

R & F, RICCU, and CF & S filed motions to vacate the September 13 order pursuant to Rule 60(b) of the Superior Court Rules of Civil Procedure. After a hearing on November 17, 1989, on said motions, the September 13 order was vacated and reentered on November 29, 1989. On December 19, 1989, defendants filed an appeal from the November 29 order to this court.

■ In its brief and argument on appeal, the Land Trust claimed that defendants are precluded from appealing the November 29 order because they failed to prosecute an appeal to this court from the original order within the twenty-day appeal period specified in Rule 4 of the Supreme Court Rules. We agree.

■ It is clear from the record that in filing their motions to vacate the September 13 order, defendants proceeded pursuant to the provisions of Rule 60(b). That rule sets forth the reasons for which a court may relieve a party from an order. That rule also makes abundantly clear that any motion made under Rule 60(b) will not affect the finality of an order or suspend its operation. Rule 62(b), however, gives the court discretionary power to stay an order pending the disposition of a motion for relief therefrom made pursuant to Rule 60(b). A motion filed in reliance on Rule 60(b) will not suspend the operation of an order unless a stay is issued by the court

pursuant to Rule 62(b). *Riverhouse Publishing Co. v. Providence Journal Co.*, 104 R.I. 192, 243 A.2d 90 (1968). "It is well settled that a 60(b) motion does not affect the finality of [an order] and hence does not toll the time for an appeal from the [order]." *Id.* at 194, 243 A.2d at 91; *see* 1 Kent, *R.I. Civ. Prac.*, § 60.3 at 452 (1969).

The period for filing a notice of appeal under Supreme Court Rule 4(a) is twenty days. As we have previously stated, this rule is mandatory. *Mitchell v. Mitchell*, 522 A.2d 219, 220 (R.I.1987); *Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1011 (R.I.1986). Rule 4 permits an extension of the period for filing the notice of appeal only upon a showing of excusable neglect.

In this case the Superior Court order denying defendants' motion was filed September 13, 1989. Thus defendants' twenty-day appeal period under Rule 4(a) began September 13 and ended on October 2. As already noted, defendants' motion to vacate the September 13 order pursuant to Rule 60(b), absent a Rule 62(b) motion, in no way altered defendants' period to file an appeal. There is no mention or evidence of excusable neglect. Accordingly defendants' appeal which was filed December 19, 1989, forty days after the entry of the order, is dismissed as untimely.

Because this matter is disposed of solely on procedural grounds, it is not necessary to reach other issues raised on appeal.

For these reasons the defendants' appeal is denied and dismissed, the order appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

KELLEHER, J., did not participate.