**Gladys COK et al.**

v.

**Ann PRYOR et al.**

**No. 94–476–Appeal.**

Supreme Court of Rhode Island.

Oct. 23, 1996.

Gladys Cok, pro se.

Kevin M. Cain, Providence.

**ORDER**

The plaintiff, Gladys Cok (Cok), appeals from (1) a March 15, 1990 judgment of the Superior Court granting summary judgment in favor of the defendants [1] and (2) a June 4, 1990 order granting the defendants' motion to strike Cok's postjudgment "Motion for Recus[al] and Rehearing." [2] On September 25, 1996, counsel for the parties came before us to show cause why the issues raised by Cok should not be determined summarily. Having reviewed the parties' submissions, we perceive no such cause and shall therefore dispose of this appeal without further briefing or argument.

Summary judgment in favor of defendants entered on March 15, 1990. Thus Cok had twenty days from that date to file her notice of appeal. *See* G.L.1956 § 9–24–1; Sup.Ct.R. 4(a). However, she failed to do so until June 22, 1990. As a result Cok's appeal from the summary judgment is barred because it is untimely. *See* Sup.Ct.R. 4(a); *see also War- wick Land Trust, Inc. v. Children's Friend and Service, Inc.,* 604 A.2d 1266, 1267 (R.I. 1992) ("The period for filing a notice of ap-

peal under Supreme Court Rule 4(a) * * * is mandatory."). Although Rule 4(a) permits an extension of the period for filing the notice of appeal upon a showing of excusable neglect, no such showing was even attempted by Cok before the trial court, much less established. Moreover, although Cok filed several postjudgment motions, none of them is properly characterized as one that would have extended her time to file an appeal from the summary judgment.

Notwithstanding the foregoing, Cok argues that June 4, 1990, the entry date of the order granting defendants' motion to strike her motion for recusal and rehearing, is the date from which her time to appeal the summary judgment should be measured. Accordingly, since the notice of appeal is dated June 22, 1990, she argues that the appeal from the summary judgment is timely. We disagree. On March 15, 1990, the date of the entry of summary judgment, her twenty-day appeal period began to run. Cok's filing of various motions to reconsider and/or to vacate that judgment did not extend the time for her to appeal from the summary judgment.

The only remaining issue is whether the trial court erred in striking Cok's motion for recusal and rehearing. A review of the hearing transcript on the motion indicates that Cok withdrew the recusal aspect of her request. As for the rehearing requested, it was merely a further attempt by Cok to have the court reconsider and vacate the summary judgment. This issue was fully addressed and resolved at a prior hearing on Cok's motion to "reconsider" the summary judgment. The trial court treated the "reconsideration" motion as one to vacate the summary judgment [3] and denied it. Having

1. The defendants are Ann Pryor, Lee Gallucci, and Pryor, Inc. Gallery of Homes.

2. In the Notice of Appeal, Cok indicates that the "Trial Court Action Appealed" is summary judgment, which was entered March 15, 1990. However, the "Date of Judgment/Order Appealed From" is indicated as being both February 12, 1990, and June 4, 1990. February 12, 1990 was the date of the summary-judgment hearing; however, it is the March 15, 1990 entry of judgment date and not the earlier hearing date that starts the twenty-day appeal period running for purposes of appealing from the entry of summary judgment. *See* Super.R.Civ.P. 58(a); Sup.Ct.R.

4(a). June 4, 1990 was the entry date for the order granting the defendants' motion to strike. *Notwithstanding the foregoing and interpreting the Notice of Appeal liberally given the plaintiff's pro se status, we consider this appeal to be one from both the summary judgment and the order granting the defendants' motion to strike.*

3. Cok herself characterized her previously filed motion to reconsider as one to vacate the summary judgment when she submitted supporting papers to the trial court entitled "Affidavit and Memorandum of Law Opposing the Grant of Summary Judgment, and Moving for its Vacation."

already once considered and rejected Cok's arguments concerning why the trial court should revisit its summary-judgment ruling, the trial court properly granted the defendants' motion to strike Cok's subsequent request for recusal and rehearing of that same summary-judgment determination.

For these reasons Cok's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.

WEISBERGER, C.J., and MURRAY, J., did not participate.