STATE of Rhode Island

v.

Angel SOSTRE.

No. 98–184–C.A.

Supreme Court of Rhode Island.

June 3, 1999.

Matthew B. Smith, Providence.

Aaron L. Weisman, Providence.

### ORDER

The defendant, Angel Sostre, appeals from a judgment of conviction following a trial by jury on one count of unlawful possession of one ounce or more of cocaine, in violation of G.L. 1956 § 21–28–4.01. His sole issue on appeal is that the sentence imposed by the trial justice was unduly severe. After a conference before a single justice of this Court, this case was referred to the full Court at a session in conference for possible disposition without further briefing or argument. We proceed to decide the case at this time pursuant to Rule 12A(6)(b) of the Rules of Appellate Procedure.

The defendant was convicted primarily on the testimony of a Providence police officer who observed the defendant sitting in a parked car looking down at this lap. When the defendant looked up and saw the officer, he appeared to be startled. The officer testified that he began making motions with his hands as if he was placing something on the floor of the car. The officer was able to observe packages of what turned out to be crack cocaine on the floor of the vehicle in the vicinity of the front passenger seat. A further search then revealed additional bags of cocaine. The total weight of all the seized cocaine was approximately 1.6 ounces, which had an estimated street value of $2,000.

The defendant was sentenced to fifteen years, with seven to serve and the remainder suspended, and a fine of $5,000. The

trial justice found that the defendant gave the officers a false name, claimed to be a juvenile when he was not, and further found that the defendant testified at trial and lied about his involvement in the offense for which he was convicted. He also declared that the defendant continued to refuse to acknowledge his guilt for the offense for which he was convicted. *See State v. Bertoldi,* 495 A.2d 247, 253 (R.I. 1985).

The defendant argues that this sentence was "grossly disparate" from other sentences meted out for similar offenses. The defendant also contends that this sentence was higher than one offered as part of a pretrial plea bargain, and in essence penalized him for rejecting the state's offer and exercising his constitutional right to a trial.

The clear problem with the defendant's appeal, however, is that the judgment of conviction was entered on the day of sentencing, August 20, 1997, but his appeal was not filed until September 25, 1997. Rule 4(b) of the Supreme Court Rules of Appellate Procedure provides that in criminal cases, the notice of appeal "shall be filed * * * within twenty (20) days after the entry of the judgment or order appealed from." The 20th day after the judgment of conviction was entered fell on September 9, 1997. Because there were no motions that would have extended the time period for filing an appeal, the defendant's appeal was untimely. As in civil cases, we deem the timely filing of a notice of appeal to be a mandatory prerequisite for consideration by this Court of an appeal. *Cf. Figuereo v. Diaz,* 651 A.2d 1236, 1237 (R.I.1994) (mem.); *Warwick Land Trust, Inc. v. Children's Friend and Service, Inc.,* 604 A.2d 1266, 1267 (R.I.1992).

Additionally, were we to decide to reach this case on its merits, the single issue raised by the defendant is not appropriate for review on direct appeal. *See State v. Collins,* 679 A.2d 862 (R.I.1996). "[T]he proper procedure for review of a sentence begins in the Superior Court under Rule

35 of the Superior Court Rules of Criminal Procedure." *Id.* at 867.

For this reason, the defendant's appeal is denied and dismissed, the judgment of conviction is affirmed, and the papers are remanded to the Superior Court.

Justice LEDERBERG did not participate.