15879

STATE v. BOWEN *ET AL.*
(40 S. E. (2d), 39)

*Messrs. J. B. Pruitt* and *Leon W. Harris,* of Anderson, for Appellants,

*Messrs. Rufus Fant,* Solicitor, and *S. Eugene Haley,* of Anderson, for Respondent,

November 1, 1946.

MR. CHIEF JUSTICE BAKER delivered the unanimous opinion of the Court.

David Bowen and Evelyn Fields, appearing in the caption as appellants, were tried, convicted and sentenced at the

November, 1945, term of the Court of General Sessions for Anderson County for the murder of Herman Fields on October 29, 1945. The jury recommended mercy, and they were sentenced accordingly.

When the case was reached for oral argument, the appeal of David Bowen was abandoned, leaving as the only appellant, Evelyn Fields.

The exceptions are voluminous (so are the record and arguments), and the "Questions Involved" have been reduced to nine, but after a careful study of the record, we find it necessary to refer solely to the issue if the trial Judge committed error in refusing to direct a verdict of not guilty in behalf of Mrs. Fields, to whom we will hereafter refer as appellant.

The deceased died from three pistol shot wounds which he received while in the home occupied by himself and his wife, the appellant; and David Bowen, the father of the appellant testified that he fired all of these shots, and that the appellant did not participate. It is undisputed that the killing had as its genesis the alleged mistreatment of the appellant by the deceased on the Thursday night or early Friday morning prior to the date of the killing, and the whole case against the appellant hinges on whether there was any substantial testimony that there was a conspiracy between David Bowen and the appellant to take the life of the deceased (the latter's husband), or whether there was any testimony that she in anywise participated in the firing of the pistol shots.

Appellant was far from a model wife and deserved punishment on the occasion above referred to, if ever an exasperated husband has the right to administer corporal punishment on his wife (which right under the law of course the husband does not have). Be that as it may, following the altercation between this couple, a physician had to be called to administer to the wounds of appellant. In the meanwhile her parents and officers of the law were called to the home. The wrists and hands of appellant were bandaged, and one

finger on her left hand was placed in a splint, and the index finger and small finger on her right hand were placed in splints, which condition existed at the time the fatal shots were fired. Apparently the deceased did not return after leaving the home on Friday morning, except on one occasion to get his mail, and again on the day he was shot. When the deceased was leaving the home on the occasion he went for his mail, the appellant threw a clock at him, and as she ran out of the house after him, there is contradictory testimony whether she fell down the steps or was knocked down by the deceased.

It is undisputed that the appellant had lost all love or affection for her husband (the deceased), that she had procured the pistol of her father, and had (in a braggadocio manner) made threats on the life of the deceased if ever he undertook to enter the door of the home again.

The father of appellant at first "sided" with the deceased in the marital trouble between appellant and the deceased, but later became convinced that his daughter was telling him the truth, and that she was not guilty of the charges made against her by the deceased.

On Monday, October 29, 1945, the father (David Bowen) and the deceased (Herman Fields) went to the home then occupied by appellant alone, for the alleged purpose of effecting a reconciliation between the appellant and her said husband. (David Bowen, Jr., and his wife had stayed at this home the night before and were still in bed when David Bowen, Sr., and the deceased arrived there; and so far as the record discloses, this fact was not known to either the senior Bowen or the deceased prior to their arrival at the home.) Although Bowen was looking for the deceased early on the morning of the killing, the record shows that when he found him the deceased borrowed an automobile in which he drove Bowen to the home. After reaching there and talking with appellant a few minutes, the deceased asked if it would be all right for the appellant to go to the kitchen of the home and talk with him alone, to which Bowen offered

no objection. This they proceeded to do, and after being therein a short while, Bowen testified (uncontradicted necessarily) that the deceased again committed an assault and battery on his daughter (appellant) and that he procured his pistol which was under the pillow on his daughter's bed in a front room, and fired the fatal shots—all three of them. At that time, the appellant was fleeing from the deceased.

We have given a rather scant history of the facts as disclosed by the record, but sufficient, we think, to show that there was no testimony that the appellant committed any overt act resulting in the death of her husband. Indeed, while not impossible, it is highly improbable that the appellant could have effectively used a pistol with her hands bandaged as they were. And there is no testimony in the record from which a reasonable conclusion could be reached that the appellant aided and abetted her father in the commission of this crime.

The record is devoid of any testimony from which it could be inferred that a conspiracy existed between the appellant and her father that they would take the life of Herman Fields, and there being no testimony that the appellant in anywise aided or abetted her father in causing the death of the deceased, we necessarily conclude that the trial Judge was in error in failing to grant the motion for a directed verdict of not guilty as to the appellant.

A great many inconsequential facts appearing in the record, but having no real significance, have been argued. We see no occasion for discussing such, but have considered the entire record, upon which we have reached the conclusion above indicated.

The judgment is reversed and the case is remanded for the purpose of entering a verdict of not guilty as to the appellant.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.