284 A.2d 72.

BARBARA McBRIDE BERBERIAN *vs.* ARAM K. BERBERIAN.

NOVEMBER 30, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

274

Roberts, C. J. This is a petition for a divorce from bed and board on the grounds of gross misbehavior and extreme cruelty. The petitioner sought the customary interlocutory relief, including the exclusive use of the marital domicile with the respondent being allowed "visitation rights and the right of occupancy" [sic]. After hearing on the motion for such interlocutory relief, the court denied the petitioner's prayer for the exclusive use of the home but enjoined the respondent "from molesting and assaulting the petitioner at all times." From that interlocutory decree the respondent appealed to this court, urging that enjoining him from molesting and assaulting the petitioner was contrary to the law and the evidence.

However, petitioner argues that an interlocutory decree of divorce is not a decree containing elements of finality

and, therefore, is not appealable. In so arguing, she relies on *Budlong* v. *Budlong,* R. I., 142 A. 537 (1928). In that case a trial court had issued a decree temporarily restraining the respondent wife from going upon the premises of the petitioner husband and from interfering with or annoying the petitioner. This court held that the appeal should be dismissed, as no appeal lies from such an interlocutory decree in a divorce proceeding. It does not appear that this case has ever been overruled or modified, and, therefore, respondent's appeal should be denied and dismissed.

In *Redfern* v. *Church of the Mediator in Providence,* 101 R. I. 182, 221 A.2d 453 (1966), we noted that generally this court will not review interlocutory orders or decrees unless the case falls within either of the exceptions pursuant to which we will review notwithstanding that the decree appealed from is not final. We there noted that one of the exceptions was created by the Legislature and allows an appeal from an interlocutory decree which grants or continues an injunction or appoints a receiver or orders the sale of real or personal property. This is provided for in G. L. 1956 (1969 Reenactment) §9-24-7. The other exception is of decisional origin and under it we will review a decree which, although in a strict sense interlocutory, has such an element of finality that we will act before the case has finally terminated in order to prevent possible injurious consequences. This is the doctrine originally stated in *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A. 837 (1912).

In *Mendes* v. *Mendes,* 103 R. I. 734, 241 A.2d 297 (1968), we held that the rule stated in *McAuslan, supra,* is without application in the case of interlocutory decrees entered in a proceeding for divorce absent some unusual and compelling circumstance. In that case we said at 735, 241 A.2d at 298: "Divorce, although it follows the course of equity, does not recognize the exception which obtains gen-

erally in equity matters pursuant to which a decree or order, although interlocutory in the strict sense, is deemed to have such elements of finality as to be appealable when by reason of possible injurious consequences an immediate review is necessary."

We there noted that the practice in divorce differs from that in equity because of a concern that the rights of the parties might be seriously affected and the final determination of the proceedings unduly delayed were we to allow appeals from the numerous interlocutory decrees, orders and modifications thereof which are frequently entered in a single divorce proceeding. In short, the rule in *McAuslan* is not applied in divorce proceedings because of the evils that accompany piecemeal review of interlocutory orders entered in the course of those proceedings.

We do not subscribe to the argument that the provisions of §9-24-7 were intended to provide for immediate review of interlocutory decrees and orders entered in divorce proceedings and this for the same reason that persuades us that the rule in *McAuslan* should not be applied. It is well settled that in the construction of statutes the courts will never impute to the Legislature an intent to enact legislation that serves no useful purpose or that defeats the ends of justice. Obviously, to hold that §9-24-7 was intended to provide for piecemeal review of interlocutory decrees and orders in a divorce proceeding would be to impute to the Legislature an intent to create chaotic conditions in the processing of petitions for divorce. While it is to be conceded that the state has a direct interest in the preservation of the marital relationship, we cannot agree that the preservation of such relationship would be promoted by the delay and confusion that would result from a piecemeal review of the interlocutory orders entered in a divorce proceeding. It is our opinion, then, that

the decree of the Family Court in the instant case, being concededly interlocutory, is not appealable.

There is no merit, in our opinion, in the respondent's contention that art. I, sec. 23, of the constitution of this state secures to him the right to commit "justifiable" assault upon the petitioner. Article I, sec. 23, provides that the enumeration of the rights of the people set out in art. I of our constitution "* * * shall not be construed to impair or deny others retained by the people." That the framers intended that this provision of the constitution was intended to preserve to him the right to assault his spouse is utterly without merit. Whatever might have been the common-law view of the right of a husband to chastise his wife, the modern view is clearly to the contrary and inhibits the use of physical force or violence upon the person of the wife. *State* v. *Bowen,* 209 S. C. 311, 40 S.E.2d 39 (1946); *Ussery* v. *Ussery,* 259 Ala. 194, 66 So.2d 182 (1953).

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Family Court for further proceedings.

*Leo M. Cooney,* for petitioner.

*Cohen, Chaika & Berberian,* for respondent.