**CITY OF PROVIDENCE By and Through its WATER SUPPLY BOARD**

v.

**PUBLIC UTILITIES COMMISSION et al.**

**No. 78–301–M.P.**

Supreme Court of Rhode Island.

April 29, 1980.

William J. McGair, Providence, for petitioner.

John R. McDermott, Asst. Atty. Gen., Providence, for respondents.

OPINION

DORIS, Justice.

The city of Providence petitioned this court for a writ of certiorari to review a report and order dated August 3, 1978, of the Public Utilities Commission (the commission) regarding an increase in the water rates charged by the Providence Water Supply Board (the board). We issued the writ and heard arguments on two matters:

1. whether the commission has jurisdiction to oversee the rate-making authority of the board, and

2. whether the commission erred in not authorizing a return on the board's investment in capital facilities.

Because we find that the commission has no jurisdiction over the board's rate-making determinations, we do not reach the second issue.

This matter arose from a hearing before the commission at which the board sought approval for an increase in its wholesale and retail water rates. Counsel for the board objected to the hearings and moved for a dismissal on the ground that the commission had no jurisdiction to oversee the board's determination of the water rates. Counsel argued that historically the board had a statutory right to determine its water rates and that the Legislature, by passing a special law in 1967, reaffirmed this right. The commission, relying on two opinions of the attorney general, ruled that the board was a public utility subject to the jurisdiction of the commission and denied the motion to dismiss. In doing so the commission erred.

The uncertainty surrounding the jurisdictional issue arises from the conflict between two acts passed by the Legislature in 1967. In one act, P.L.1967, ch. 156, § 2, the Legislature amended the definition of a public utility to include any association that delivered or furnished water, except that the definition did not include "any public waterworks and water service owned and furnished by any city, [or] town, * * * unless any such city, [or] town, * * * sells water, on a wholesale or retail basis, outside the territorial limits of such city or town * * *." *Id.* The Legislature also passed P.L.1967, ch. 162, § 1, which amended the act that had established the board[1] by providing "that in case the city of Providence * * * elects to sell water directly to water users or consumers, the water supply board of the city of Providence * * shall have the right to determine the rate at which said water shall be sold." *Id.* Chapter 162 further provided that "[a]ll acts and *parts of acts inconsistent with section 1 of*

this act are hereby repealed." Id., § 3. The House of Representatives passed chapter 162 on May 12, 1967, and passed chapter 156 on May 18, 1967. The Senate passed both acts on May 18, 1967. The governor approved chapter 156 on May 24, 1967, and chapter 162 on May 26, 1967. Assuming that the term "public utility," as defined by chapter 156, included the Providence Water Supply Board, the issue now confronting us is whether chapter 162 reinvested the board with the authority to determine its water rates. We believe that it did.

To the extent that chapter 156 and chapter 162 confer on two government agencies the responsibility for determining the rate at which the city of Providence may sell its water, they are repugnant to each other. Although this court does not favor repeals by implication, *Providence Electric Co. v. Donatelli Building Co.*, 116 R.I. 340, 344, 356 A.2d 483, 486 (1976), when two acts are irreconcilably repugnant, we will imply a repeal and give effect to the more recently passed act. *Berthiaume v. School Committee of Woonsocket*, R.I., 397 A.2d 889, 893 (1979). This is particularly true when the more recently enacted law is "more comprehensive and specific than" the older law. *Opinion to the Governor*, 78 R.I. 144, 149–50, 80 A.2d 165, 168 (1951); *see also* G.L. 1956 (1970 Reenactment) § 43–3–26.

In the present case we find that chapters 156 and 162 are irreconcilably repugnant—the board and the commission cannot both have the final authority to determine the city's water rates. Because chapter 162 became effective subsequent to chapter 156 and because its provisions are more specific than those of chapter 156, it is our opinion that any inconsistency between the chapters must be resolved by giving preference to chapter 162. Accordingly, we hold that the provisions of chapter 156 that brought within the jurisdiction of the commission those public waterworks that sell water beyond their territorial limits have been implicitly repealed, as they apply to Providence and its Water Supply Board, by chap-

---

1. The Providence Water Supply Board was established by Chapter 1278 of the Public Laws of 1915, and has been amended several times prior to 1967.

ter 162. To hold otherwise would require us to construe chapter 162 as having no effect and serving no useful purpose. We will not attribute to the Legislature an intent to pass such an act. *Berthiaume v. School Committee of Woonsocket*, R.I., 397 A.2d at 892; *Berberian v. Berberian*, 109 R.I. 273, 276, 284 A.2d 72, 74 (1971).

The petition for certiorari is granted, the report and order of the Public Utilities Commission is quashed, and the papers are remanded to the Public Utilities Commission with our decision endorsed thereon.