Karen S. MITCHELL

v.

Kent A. MITCHELL.

No. 85–172–M.P.

Supreme Court of Rhode Island.

March 18, 1987.

Joseph E. Marran, Jr., Pawtucket, for plaintiff.

Arlene Violet, Thomas Pearlman, Pearlman & Vogel, Providence, for defendant.

## OPINION

MURRAY, Justice.

A Family Court judge dismissed the plaintiff's complaint for protection from abuse and granted the defendant supervised visitation rights to see the parties' infant daughter. The plaintiff appeals.

On June 1, 1984, plaintiff Karen S. Mitchell filed a complaint for protection from abuse in Family Court against her husband, defendant Kent A. Mitchell. The complaint alleged that defendant had attempted to cause her physical harm, and had forced her to engage in sexual relations against her will. In an accompanying affidavit, plaintiff asserted that defendant had sexually molested her 3½–year–old daughter.

The evidence presented to the Family Court judge consisted of six witnesses and a number of exhibits. After receiving the evidence and questioning the witnesses, the judge dismissed plaintiff's abuse complaint because he did not find any substantial evidence to support it.

An order was entered on October 25, 1984. The plaintiff filed a motion to extend the time for taking an appeal on November 28, 1984, and then filed a notice of appeal on December 6, 1984. On March 4, 1986, defendant moved in this court to dismiss the appeal. The plaintiff responded by filing copies of her motion to extend the time for taking an appeal and of an order dated February 25, 1985, granting her motion to extend. We denied the motion to dismiss and reserved defendant's right to raise the issue in his brief and at argument.

The plaintiff asserts that the Family Court judge misconstrued the evidence and thus erred in dismissing her complaint for protection from abuse. The defendant denies that the judge misconstrued the evidence and asserts that, in any event, plaintiff's claim is precluded because of her untimely filing of the notice of appeal. Because we agree with defendant on this latter point, we need not reach the other arguments presented.

■ Under Supreme Court Rule 4(a), the period allowed for filing a notice of appeal is twenty days. This rule is mandatory. *Title Investment Co. of America v. Fowler*, 504 A.2d 1010, 1011 (R.I.1986). Only upon a showing of excusable neglect may a trial justice extend the period for up to an additional thirty days.

In this case, the Family Court judge's order was entered on October 25, 1984. The time for filing a notice of appeal therefore expired on November 14, 1984. On November 28, 1984, plaintiff filed a motion to extend the filing time for twenty-nine days until December 13, 1984. No order granting this motion appears in the record. According to copies of documents filed by defendant in this court, the motion was not heard until February 22, 1985, and an order granting a two-week extension to the filing time was granted February 25, 1985. There is no mention of excusable neglect.

■ Even considering this copy of the order as part of the record, the granted two-week extension could only have allowed plaintiff to file until November 28, 1984. Since plaintiff did not file her notice of appeal until December 6, 1984, she filed out of time, and therefore her appeal is not properly before us and cannot be considered on its merits.

Further, even had the plaintiff filed within the two-week period extended her, the absence of any finding of excusable neglect on the extension order would have precluded this court from considering her untimely appeal. Rule 4(a) is mandatory.

For these reasons, the plaintiff's appeal is denied and dismissed, the decision ap-

pealed from is affirmed, and the papers are remanded to the Family Court.

FAY, C.J., did not participate.