**Carole A. MILLMAN**

v.

**Harvey MILLMAN.**

**No. 97–430–Appeal.**

Supreme Court of Rhode Island.

Jan. 13, 1999.

Carolyn R. Barone, Warwick, for plaintiff.

Joseph E. Marran, Jr., Pawtucket, for defendant.

Before LEDERBERG, BOURCIER and FLANDERS, JJ.

**OPINION**

PER CURIAM.

Pursuant to Rule 4(a) of the Supreme Court Rules of Appellate Procedure, can a trial court extend a party's time to appeal beyond the additional thirty days allowed by this rule? Because we answer this question in the negative, we affirm the Family Court's order dividing the parties' marital assets, sustain the plaintiff's appeal, and deny and dismiss the defendant's appeal. After we ordered the parties to show cause why we should not decide these appeals summarily, a panel of this Court heard argument on the parties' respective appeals following their divorce proceedings in the Family Court. Concluding that no such cause has been shown, we proceed to decide the appeals at this time.

The defendant, Harvey Millman (Harvey), is appealing from a decision pending entry of final judgment, claiming that the trial justice erred in determining the division of marital assets. The plaintiff, Carole A. Millman (Carole), appeals from an order of the Family Court granting Harvey an extension of

time during which he may file his appeal. Because Harvey filed his notice of appeal after the additional thirty-day time period allowed by Rule 4(a) had already expired, we must deny and dismiss his appeal without reaching the merits of his arguments.

The parties married on September 30, 1956. On June 29, 1994, Carole filed for divorce. Following a seven-day hearing before the Family Court, a decision pending entry of final judgment entered on May 9, 1997. Apparently, at or about this time, Harvey's attorney suffered a serious illness. Thereafter, on June 17, 1997, Harvey's attorney filed a motion to extend the time for appeal, and a hearing thereon occurred on June 30, 1997. On July 2, 1997, the Family Court entered an order purporting to grant Harvey until August 1, 1997 to file his notice of appeal. On July 22, 1997, Carole filed a notice of appeal from the order granting an extension of time. Finally, on July 29, 1997, Harvey filed a notice of appeal from the May 9th decision pending entry of final judgment.

Rule 4(a) of the Supreme Court Rules of Appellate Procedure requires that a notice of appeal "shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order or decree appealed from * * *." We have ruled that the time specified in Rule 4(a) is mandatory, and that once the prescribed time has passed there can be no review by way of appeal. *See Warwick Land Trust, Inc. v. Children's Friend and Service, Inc.,* 604 A.2d 1266, 1267 (R.I.1992).

■ Before or after the twenty-day period has expired, Rule 4(a) contains a provision which allows for an extension of the time to appeal for up to an additional thirty days upon a showing of excusable neglect. This additional thirty days begins running at the expiration of the original twenty-day period, and *not* from the date the motion to extend is granted. *See Mitchell v. Mitchell,* 522 A.2d 219, 220 (R.I.1987) (holding that a two-week extension granted by the trial justice several months after entry of judgment was invalid). Therefore, the trial court must grant a motion for an extension of time to file an appeal within fifty days of the judgment or decree appealed from, and the appellant must file the notice of appeal within that same time. *See Samuelian v. Town of Coventry,* 701 A.2d 814 (R.I.1997) (upholding the dismissal of an appeal where a pro se litigant filed a timely motion for an extension forty-six days after entry of judgment, but the hearing at which the trial court granted the motion took place past the fifty-day deadline); *Friedman v. Lee Pare & Associates, Inc.,* 593 A.2d 1354, 1355 (R.I.1991) (holding that a Superior Court justice has no authority either to extend the appeal deadline past fifty days or to circumvent the jurisdictional appeal period through entry of a *nunc pro tunc* order).

■ In this case, the decision pending entry of final judgment entered on May 9, 1997. The normal twenty-day appeal period expired on May 29, 1997. A thirty-day extension pursuant to Rule 4(a) would have extended the appeal period to a date no later than June 30, 1997. On June 17, 1997, Harvey filed his motion to extend the appeal period, but the hearing on the motion did not occur until June 30, 1997, the very last day on which he could have filed the appeal notice. But Harvey did not file his notice of appeal until July 29, 1997, which was eighty-one days after entry of the appealable decree. As a result, defendant's appeal is untimely and must be dismissed.

In any event, even if we were able to reach the merits of the defendant's appeal, we would still come to the same result. The Family Court based its decision largely upon credibility and factual determinations that we conclude were not clearly erroneous.

For these reasons, we vacate the July 2, 1996 order extending the time to appeal, affirm the decision pending entry of final judgment, sustain the plaintiff's appeal, and deny and dismiss the defendant's appeal.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.