DECISION
Pride Hyundai, Inc. (Pride) requests that the Court reconsider its May 19, 1999 decision remanding this case to the Director of the Department of Administration (Director) for further proceedings to determine the mailing date of his final order. After considering Pride's arguments, the Court abides by its previous determination.
Pride essentially argues that its appeal was timely for either of two reasons, both a function of previously undisclosed procedural happenings.[1] Apparently, Pride represented itself at its hearing before the Motor Vehicle Dealers License and Hearing Board (Board) and appealed to the Director, by its president, of its own accord. After having done so, however, Pride obtained counsel to further prosecute its appeal. Pride's counsel sent a letter to the Director so indicating and requesting that the Director's decision be sent to his attention so that he might take appropriate action. Unfortunately, however, the Director's May 22, 1997 decision was mailed to Pride's president rather than Pride's counsel. Indeed, Pride's counsel did not learn of the decision until June 25, 1997 when he received a telephone call from one of the Board members inquiring of Pride's intent. Understandably perplexed, Pride's counsel indicated that he had not yet received a copy of the Director's decision and requested, and received, a faxed copy. The next day, Pride's counsel informed the Director of the course of events and requested that the Director "review" his decision and extend Pride's time to appeal to the Superior Court by ten days because he, as attorney of record, was not notified of the decision. By letter dated July 10, 1997, the Board granted the request and gave Pride "ten (10) additional days to appeal the Director's decision," to run "from the date of this letter." Accordingly, Pride filed its appeal on July 17, 1997.
Pride argues that its appeal was timely because (1) it was filed within thirty days of Pride's counsel's receiving "actual notice" of the Director's decision and (2) it was filed within the ten additional days granted by the Board.
While not unsympathetic, the Court is constrained to deny Pride's motion. First, the mere fact that Pride filed its appeal within thirty days of its counsel's receipt of actual notice is of no consequence. Section 42-35-15 of the General Laws requires that administrative appeals be filed "within thirty (30) days after mailing notice of the final decision of the agency." While the date of that mailing remains unknown at this time, it is that date which will control and not the date of counsel's receiving actual notice. Moreover, section 42-35-12 requires only that "[p]arties shall be notified either personally or by mail of any order." See also G.L. 1956 § 42-35-1 (f) ("`[p]arty' means each person . . . named or admitted as a party"). Pride concedes that the Director mailed his decision to Pride's president, who had effectuated Pride's appeal from the Board to the Director. Therefore, the party, Pride, received all the notice it was statutorily entitled to. Even assuming that the Director failed to heed other dictates of section 42-35-12, see G.L. 1956 §42-35-12 ("[u]pon request, a copy of the order shall be delivered or mailed forthwith to each party and to his or her attorney of record"), that failure would not negate the Director's compliance with that part of section 42-35-12 which affects section42-35-15's dictates regarding when the period to commence appellate proceedings starts. Cf. Thomas v. Ross, 477 A.2d 950, 951 n.2 (R.I. 1984) ("failure of the clerk to comply with th[e] requirement['s of Rule 77(d)] does not void the judgment"). Butsee Wright Miller, 4A Federal Practice and Procedure: Civil 2d § 1145, at 420 (1987) (Rule 5's "requirement of service on the attorney is to be followed literally; service upon a party represented by an attorney does not comply with the rule").
Second, the fact that Pride filed its appeal within the ten days extended to it by the Board would only be meaningful if (1) the Board, on the Director's behalf, had properly reissued a final determination from which a new thirty-day appeal period ran, (2) the Board had the authority to extend the statutory time limits to file an administrative agency appeal, or (3) the Board's extension of ten days constituted a waiver of its right to challenge the timeliness of Pride's filing. Unfortunately for Pride, however, none of these alternatives offer it any solace. Ignoring that the request probably came after the time to appeal had expired, but see Millman v. Millman, 723 A.2d 1118, 1119 (R.I. 1999) ("the trial court must grant a motion for an extension of time to file an appeal within fifty days of the judgment or decree appealed from, and the appellant must file the notice of appeal within that same time"), and assuming that the Board had the authority to revisit or review the Director's final decision, it is clear from the Board's letter that it meant only to extend Pride's time limits for appeal and did not in any way purport to revisit or review the Director's prior final determination.[2] As such, Pride's time to appeal commenced from the first day following the day when the first valid appealable order was mailed. See generally Kay v. Menard, ___ A.2d ___ (R.I. 1999). And Pride has pointed to no authority to support its assertion that the Board can extend the statutory time limits for administrative appeals. Indeed, and as discussed in its previous decision, because those time limits are jurisdictional, the Court would be very surprised if any such support could be found. The Board simply cannot extend the time limits for an aggrieved party to file its administrative appeal to the Superior Court. Last, and least, even if the Board meant its extension to constitute a waiver of its right to challenge the timeliness of Pride's appeal, the Board's failure to challenge this Court's subject matter jurisdiction and its "admission" that the Court had jurisdiction are irrelevant. "Subject matter jurisdiction is an indispensable ingredient of any judicial proceeding and the absence thereof can be raised . . ., by the court sua sponte at any time and can be neither waived nor conferred by consent of the parties." WarwickSchool Committee v. Warwick Teachers' Union, 613 A.2d 1273, 1276 (R.I. 1992).
For the foregoing reasons, Pride's motion is denied. The Director's determination, as previously ordered to be made, will dictate whether the Superior Court has subject matter jurisdiction in accordance with this Court's May 19, 1999 decision.
Counsel shall submit the appropriate order for entry.
[1] The Court accepted at face value the factual and procedural representations made by Pride's counsel in his memorandum.
[2] The substantive portion of the Board's letter read thus:
 "Be advised that this office is granting you ten (10) additional days to appeal the Director's decision regarding Alysia Fontaine vs. Pride Hyundai, Inc. per your request.
 If it is your intention to appeal this decision to Superior Court, you will have ten (10) days from receipt of this letter."