Shahnaz BINA

v.

Cyrus BINA.

No. 99–252–A.

Supreme Court of Rhode Island.

Nov. 28, 2000.

Shahnaz Bina, Pro Se.

Richard E. Upgrove, Jr., Barbara A. Barrows.

## O R D E R

This case came before the Supreme Court for oral argument on November 6, 2000, pursuant to an order directing the parties to address the timeliness of this appeal and to show cause why the issues raised therein should not be summarily decided. The plaintiff, Shahnaz Bina, has appealed *pro se* from a final judgment of divorce entered by the Family Court, claiming that the trial justice erred in determining the division of marital assets and the computation of alimony. After reviewing the memoranda submitted by the parties and after hearing the arguments presented to this Court, we are of the opinion that the appeal was untimely

and that cause has not been found. Therefore, the case will be decided at this time.

The parties married on October 9, 1969, and two children were born of the marriage, both of whom had reached the age of majority at the time of divorce proceedings. On February 17, 1995, plaintiff filed for divorce, alleging irreconcilable differences leading to the irremediable breakdown of her twenty-six year marriage to defendant, Cyrus Bina, who counterclaimed on the same grounds. Following a three-day hearing in the Family Court, the trial justice granted both plaintiff's complaint and defendant's counterclaim on November 25, 1998, and a decision pending entry of final judgment was entered on December 8, 1998. A final judgment of divorce was subsequently entered on March 4, 1999, and plaintiff filed a notice of appeal on March 24, 1999.

A decree of divorce does not "become final and operative until three (3) months after the trial and decision." G.L.1956 § 15-5-23. We have previously explained that the delay required by the statute primarily serves to allow the parties an opportunity for reconciliation. *Pakuris v. Pakuris*, 95 R.I. 305, 308, 186 A.2d 719, 721 (1962). The time between decision and final judgment also allows for review of the decision before the marriage is formally dissolved and a party remarries in reliance on the decree. *Reporter's Notes to Rule 59 of Procedure for Domestic Relations.*

This Court has declared that "[b]oth the language of the applicable statute and Rhode Island case law make clear that a party to a divorce may appeal an interlocutory decision or a decision pending entry of final judgment. Specifically, G.L.1956 § 14-1-52(a) provides that '[a] decision granting a divorce shall be appealable upon, [sic] entry.'" *Koziol v. Koziol*, 720 A.2d 230, 232 (R.I.1998). Hence, although the interlocutory decree of December 8, 1998, was appealable, the final judgment entered on March 4, 1999 was not appealable: "[E]xcept as otherwise provided by law, the correctness of the decision shall not be reviewable upon an appeal from a final decree for divorce entered in pursuance of § 15-5-23." Section 14-1-52(a); *see also Berberian v. Berberian*, 109 R.I. 273, 276, 284 A.2d 72, 74 (1971) (holding that "to allow appeals from the numerous interlocutory decrees, orders and modifications thereof which are frequently entered in a single divorce proceeding" might seriously affect the rights of the parties and unduly delay the final determination of the proceedings.)

Pursuant to Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the period allowed for filing a notice of appeal is twenty days. *Warwick Land Trust, Inc. v. Children's Friend and Services, Inc.*, 604 A.2d 1266, 1267 (R.I.1992). Rule 4(a) states in pertinent part that the notice of appeal shall be filed with the clerk of the trial court "within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from." *Izzo v. Prudential Insurance Co. of America*, 114 R.I. 224, 226, 331 A.2d 395, 396 (1975). As we have previously stated, this rule is mandatory, and once the prescribed time has passed there can be no review by way of appeal. *Millman v. Millman*, 723 A.2d 1118, 1119 (R.I.1999)(per curiam). A trial justice may extend the period for up to an additional thirty days only upon a showing of excusable neglect. *Mitchell v. Mitchell*, 522 A.2d 219, 220 (R.I.1987). Here, no application for such an extension was filed, and the time limit for a possible 30-day extension had long expired at the time the present appeal was filed.

In this case, the Family Court judge's decision was entered on December 8, 1998. The time for filing a notice of appeal therefore expired on December 28, 1998. The plaintiff's notice of appeal, filed on March 24, 1999, made no mention nor did it disclose evidence of excusable neglect. Consequently, we dismiss as untimely plaintiff's appeal filed more than three months after the entry of the decision pending entry of final judgment.

Therefore, we deny and dismiss the appeal on procedural grounds and affirm the judgment of the Family Court to which the papers in the case may be returned.