Maria CRAVEIRO

v.

Aurelio CRAVEIRO

v.

Dalia DUARTE et al.

No. 2000–381–Appeal.

Supreme Court of Rhode Island.

June 22, 2001.

Karen Auclair Oliveira, Lincoln, for Plaintiff.

Aurelio Craveiro, pro se, Joseph A. Capineri, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 9, 2001, pursuant to an order that directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts insofar as pertinent to this appeal are as follows.

In 1973, plaintiff, Maria Craveiro (plaintiff), and defendant, Aurelio Craveiro (defendant), were married in Portugal. The next year, they immigrated to the United States. The plaintiff and defendant separated in 1993, after defendant moved back to Portugal. In October 1995, plaintiff filed a complaint for absolute divorce against defendant in the Rhode Island Family Court. The defendant filed an answer and counterclaim for absolute divorce in April 1996. At that time, plaintiff and defendant owned three parcels of real estate: the marital domicile at 68 Cottage Street, Central Falls, Rhode Island (marital domicile); a rental property at 64 Cottage Street, Central Falls, Rhode Island (rental property); and a home in Portugal (Portugal property). The controversy in this case centers on the equitable distribution of the real estate.

In January 1996, a Family Court motion justice heard plaintiff's motion for temporary allowances. The defendant was not present at that hearing because he was living in Portugal. After the hearing, the motion justice ordered that defendant be "restrained and enjoined from alienating, diminishing, transferring, conveying and/or hypothecating any and all assets of the parties whether they are located in the United States or in the Country of Portugal and wherever else located and of whatever nature." At the same time, the motion justice awarded plaintiff exclusive possession of both the marital domicile and the rental property.

The defendant appeared and moved for an emergency restraining order in March

1996, to prevent the disposition of the assets in his absence. Both parties were present for an April 1996 hearing, the results of which were memorialized in a consent order. The parties agreed that: (1) plaintiff would have exclusive use and possession of the marital domicile; (2) the rental property would be sold; and (3) plaintiff would have access to the Portugal property for appraisal purposes and defendant shall cooperate with any appraisal.

Two events then made a morass out of a relatively simple divorce. First, four days after the April 1996 hearing, defendant's sister, Dalia Duarte, traveled to Portugal. There, defendant's brother, Horacio Craveiro, acting with defendant's power of attorney, sold the Portugal property to Dalia and her husband, Carlos Duarte (the Duartes). This was done without plaintiff's knowledge and consent, and in contravention of the February 1996 order. In June 1996, it came to the attention of the court that the Duartes had alleged that plaintiff and defendant owed them $24,000. The Duartes alleged that they had given plaintiff and defendant $20,000 as a deposit on the purchase of the rental property in the spring of 1994. The Duartes alleged that the sale fell through, but that the money was not returned. It was undisputed that defendant had borrowed the $20,000 and another $4,000 from the Duartes and used the money for both personal items and for the Portugal property. The dispute was whether there was a valid mortgage. Interestingly enough, the Duartes did not record a lien against the rental property until two years after the purported deposit, after the February 1996 order. Upon discovery of these transactions, plaintiff filed a motion to add the Duartes to the complaint as third-party defendants. The court granted plaintiff's request. In July 1996, the court ordered the Duartes to comply with plaintiff's efforts to sell the rental property and to appraise the Portugal property. The court also ordered that, when the rental property was sold, the money be placed in an escrow account pending resolution of the dispute.

On March 14, 2000, after a trial on the merits, the trial justice gave a long oral decision. The trial justice granted plaintiff's complaint for divorce on the grounds of irreconcilable differences. The court awarded both the rental property and the marital domicile to plaintiff. The trial justice ordered the Duartes to discharge the mortgage on the rental property and to execute a deed for the Portugal property back to plaintiff and defendant. The trial justice found that the sale of the Portugal property from Horacio Craveiro to the Duartes was a fraudulent conveyance. Lastly, the court ordered all defendants to contribute to plaintiff's attorney's fees. The decision pending entry of final judgment was issued on May 8, 2000. The final judgment of divorce was rendered on August 8, 2000.

The defendant, acting *pro se*, filed two notices of appeal. One appeal was dismissed by this Court on December 21, 2000.[1] The plaintiff challenges the timeliness of the remaining appeal, which was filed on June 13, 2000.

■ A party who contests a divorce must file his or her appeal within twenty days of the decision pending entry of final judgment, which is rendered by the trial justice after a hearing. *See* Sup.Ct. R.App. P. 4(a); *Bina v. Bina*, 764 A.2d 191, 192 (R.I.2000) (mem.). "Specifically,

---

1. On December 21, 2000, we dismissed the appeal filed by defendant on September 29, 2000. We subsequently denied defendant's motion to vacate the dismissal of that appeal in March 2001.

G.L.1956 § 14–1–52(a) provides that '[a] decision granting a divorce shall be appealable upon, [sic ] entry.' " *Bina*, 764 A.2d at 192 (quoting *Koziol v. Koziol*, 720 A.2d 230, 232 (R.I.1998)). Therefore, if a party wishes to appeal a divorce, he or she must do so within twenty days of the decision pending entry of final judgment and not from the date the final decree is entered. *See id.* (" 'the correctness of the [divorce] decision shall not be reviewable upon an appeal from a final decree for divorce' ").

■ "We have ruled that the time specified in Rule 4(a) is mandatory, and that once the prescribed time has passed there can be no review by way of appeal." *Millman v. Millman*, 723 A.2d 1118, 1119 (R.I. 1999) (citing *Warwick Land Trust, Inc. v. Children's Friend and Service, Inc.*, 604 A.2d 1266, 1267 (R.I.1992)). The defendant recognized May 8, 2000, as the trigger date on the notice of appeal he filed. However, he did not file until June 13, 2000, more than thirty days later. Further, defendant did not request an extension, which is permitted only upon a showing of excusable neglect.[2] *See Bina*, 764 A.2d at 192 (citing *Mitchell v. Mitchell*, 522 A.2d 219, 220 (R.I.1987)). Therefore, defendant's appeal is denied and dismissed and we need only address the merits of the Duartes' appeal.

■ The Duartes argue that the trial justice made erroneous findings of fact with respect to the distribution of property and the award of attorney's fees. "It is well-settled that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed on

appeal unless those findings are clearly wrong or the trial justice overlooked or misconceived material evidence." *DiMattia v. DiMattia*, 747 A.2d 1008, 1008 (R.I. 2000) (mem.) (citing *Seabra v. Trafford–Seabra*, 655 A.2d 250, 252 (R.I.1995)).

■ The Duartes contend that the trial justice should have ordered plaintiff to pay them $24,000 after the sale of the rental property. We disagree. The trial justice found more than adequate support, as evidenced by the long trial and decision pending entry of final judgment, for her conclusion that the $24,000 borrowed by defendant is a debt of defendant and not of plaintiff. The trial justice carefully evaluated the situation and determined that, under the circumstances, plaintiff should not be obliged to satisfy defendant's debt. We will not disturb such a finding.

■ The Duartes also argue that the purchase of the Portugal property was not a fraudulent conveyance. The trial justice determined that the Portugal property was sold to the Duartes by Horacio Craveiro on behalf of defendant in April 1996, four days after defendant was reminded not to transfer any assets, including that property. More importantly, the trial justice found that the house was not sold for fair and adequate consideration. The price paid by the Duartes was approximately $16,000, approximately one-eighth of defendant's purported investment. The Duartes could offer no proof that they had paid any more than $16,000.

Further, the trial justice determined that the Duartes told an incredible story.

**2.** "Although this Court has recognized that litigants have the right to represent themselves as pro se litigants, 'the courts of this state cannot and will not entirely overlook established rules of procedure, "adherence to which is necessary [so] that parties may know their rights, that the real issues in controversy may be presented and determined, and that the business of the courts may be carried on with reasonable dispatch." ' " *Berard v. Ryder Student Transportation Services, Inc.*, 767 A.2d 81, 84 (R.I.2001) (quoting *Gray v. Stillman White, Co.*, 522 A.2d 737, 741 (R.I. 1987)).

The Duartes alleged that Horacio Craveiro had not received any money from either plaintiff or defendant toward the construction of the house. Therefore, he was forced to sell, despite the fact that his parents were currently living there. The trial justice did not believe this scenario, especially in light of defendant's testimony that he had invested $175,000 in the Portugal property. Therefore, the trial justice ordered the Duartes to execute a deed returning the Portugal property to plaintiff and defendant. Upon careful examination of the record, it is clear that the trial justice did not err.

█ Lastly, the Duartes allege that the trial justice erred by ordering them to pay $5,000 toward plaintiff's attorney's fees. The trial justice ordered the award because the Duartes assisted defendant in obstructing plaintiff's ability to sell the rental property by intentionally failing to discharge the mortgage and because they had "consistently and intentionally violated a number of [c]ourt orders directed at them * * *." The trial justice found the sanction particularly appropriate since defendant's family (including the Duartes) made a concerted effort to remove as many assets from the grasp of the equitable distribution as possible.[3] The Duartes argue that there was no evidence that they had failed to comply with any orders applicable to them.

█ "It is well settled that attorneys' fees may not be appropriately awarded to the prevailing party absent contractual or statutory authorization." *Insurance Company of North America v. Kayser–Roth Corp.*, 770 A.2d 403, 419 (R.I.2001). Pursuant to G.L.1956 § 15–5–16(a), a Family Court justice may award attorneys' fees when it grants a divorce petition. "An award of attorneys' fees by a trial justice is subject to review for abuse of discretion." *Rhode Island Insurer's Insolvency Fund v. Leviton Manufacturing, Co.*, 763 A.2d 590, 598 (R.I.2000) (citing *DiRaimo v. City of Providence*, 714 A.2d 554 (R.I. 1998)). "In conducting such a review, the discretion exercised by the trial justice must be reviewed 'in the light of reason as applied to all the facts and with a view to the rights of all the parties to the action while having regard for what is right and equitable under the circumstances and the law.' " *Id.* (quoting *Hartman v. Carter*, 121 R.I. 1, 5, 393 A.2d 1102, 1105 (1978)).

In this case, several orders were issued before the Duartes were added as third-party defendants, prohibiting the defendant from transferring any of the marital assets. There was ample evidence to support the trial justice's finding that the Duartes were aware of these orders when they purchased the Portugal property from the defendant. Further, there was also sufficient evidence to support the trial justice's finding that after the Duartes became parties to the divorce in June 1996, they purposefully obstructed the sale of the rental property and did not comply with the July 1996 order to discharge the mortgage. Therefore, the Duartes have failed to demonstrate that the trial justice abused her discretion in awarding the attorney's fees.

Accordingly, the Duartes' appeal is denied and dismissed and the judgment of the Family Court is affirmed. The papers in the case may be remanded to the Family Court.

---

3. We agree that "[t]here is no grievance that is a fit object of redress by mob law." Speech to the Young Men's Lyceum, Springfield, Illinois, January 27, 1838, in *A Treasury of Lincoln Quotations* 180 (Fred Kerner ed.1996).