**1.** Mr. Heyl died on September 6, 1966, and his will was admitted to probate on Septem-

The motion for stay is denied.

Justice FLAHERTY did not participate.

■

**WACHOVIA BANK et al.**

v.

**Howard D. HERSHBERGER et al.**

No. 2005–314–Appeal.

Supreme Court of Rhode Island.

Dec. 4, 2006.

Deming E. Sherman, Providence.

Timothy S. Johnson.

**O R D E R**

The defendant, Timothy S. Johnson, appeals *pro se* from a judgment entered in favor of the plaintiffs, Wachovia Bank and the executors of the estate of James D. Winsor III. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After reviewing the parties' memoranda and considering their oral arguments, we conclude that cause has not been shown. For the reasons set forth below, we deny the appeal.

Mr. Johnson appeals from the Superior Court judgment dismissing his counterclaim with prejudice. The litigation in this case arose from a dispute concerning the accountings for a testamentary charitable trust created by Bernard C. Heyl, by his will dated December 9, 1965.[1] The trust

ber 28, 1966.

named Howard D. Hershberger and Timothy S. Johnson as income beneficiaries, and Wellesley College, Princeton University, and Massachusetts General Hospital as residual beneficiaries.[2] On August 28, 2001, the trustees, First Union National Bank (First Union)[3] and the executors of the estate of James D. Winsor III,[4] filed the instant action asking the Superior Court to affirm the accounting and discharge any liability for their actions as trustees. Mr. Johnson answered the complaint and filed a counterclaim in October 2001, alleging that James D. Winsor III (Winsor) and First Union breached their fiduciary duties to Mr. Johnson by failing to manage the trust as prudent investors. He requested that the Superior Court disallow the accountings and declare plaintiffs liable for breach of their fiduciary duty.

On August 6, 2003, plaintiffs filed an amended complaint naming Wachovia Bank as the successor in interest to First Union, and, once again, asked the Superior Court to approve the trust account through June 2003. Wachovia Bank also sought permission from the court to resign as trustee and requested that Comerica Bank & Trust, N.A. be appointed as its successor. The parties proceeded to trial on September 13, 2004. The only witness to testify was the trust advisor for Wachovia Bank, who administered the trust in question. Mr. Johnson did not present any witnesses to testify in support of his assertion that the trustees had breached their fiduciary duties.[5]

When the trial ended, the trial justice ruled that Mr. Johnson had not submitted any evidence demonstrating that the trust was mismanaged or operated in a way that violated the applicable statutes and trust provisions. Accordingly, the trial justice approved the accounting, affirmed the appointment of Comerica Bank as the new trustee, and denied Mr. Johnson's counterclaim. On April 26, 2005, the trial justice entered final judgment,[6] and Mr. Johnson filed a notice of appeal on May 18, 2005.

On appeal, Mr. Johnson urges this Court to reconsider his counterclaim arguments. His appeal, however, is fatally defective in that it was not filed in a timely manner.

Under Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure, the period for filing a notice of appeal in a civil matter is twenty days from the date of a final judgment. This Court has ruled that "the time specified in Rule 4(a) is mandatory, and that once the prescribed time has passed there can be no

2. Mr. Hershberger and the residual beneficiaries do not join in Mr. Johnson's appeal now before this Court.

3. Bernard C. Heyl originally appointed Fidelity–Philadelphia Trust Company as the corporate trustee of his charitable trust. First National Bank became the corporate trustee of the trust in 1991 after it merged with Fidelity Bank. Sometime after this action was filed, Wachovia Bank became the trustee as the successor in interest to First Union National Bank.

4. James D. Winsor III served as co-trustee from the date that the trust was established until he died on December 19, 1999.

5. After plaintiffs rested, Mr. Johnson called the trust advisor as a witness. He then advised the trial justice that he would not be calling any other witnesses, but asked the trial justice to read "my overview and my recent memorandum, approximately 75 pages." The plaintiffs objected and the trial justice declined to admit the documents into evidence.

6. Entry of final judgment was delayed because Mr. Johnson filed a premature appeal on September 16, 2004, after the trial justice issued a bench decision when the trial had ended. On October 19, 2004, plaintiffs filed a motion to dismiss the premature appeal. This Court dismissed the appeal on January 20, 2005, without prejudice.

review by way of appeal." *Craveiro v. Craveiro,* 773 A.2d 896, 899 (R.I.2001) (quoting *Millman v. Millman,* 723 A.2d 1118, 1119 (R.I.1999)). "Our appellate jurisdiction may not properly be invoked when an appeal is filed more than twenty days subsequent to the entry of the judgment of which review is being sought." *Title Investment Co. of America v. Fowler,* 504 A.2d 1010, 1011–12 (R.I.1986). As a jurisdictional requirement, it cannot be waived. *Riverhouse Publishing Co. v. Providence Journal Co.,* 104 R.I. 192, 195, 243 A.2d 90, 91 (1968). Pursuant to Rule 4(a), a trial justice, however, may extend the time for filing the notice of appeal for an additional thirty days upon a showing of excusable neglect. Mr. Johnson's notice of appeal in this case was filed twenty-three days after entry of final judgment, and there is no indication in the record that defendant petitioned the trial justice to extend the time to file his appeal. His appeal is not properly before us; therefore, the judgment shall remain undisturbed.

Even if Mr. Johnson's appeal had been timely filed, however, it necessarily would be denied. He did not present any admissible evidence at trial to demonstrate that the trustees did not act as prudent investors and breached their fiduciary duty. Although Mr. Johnson requests that this Court consider a 1980 note from Winsor to First Union, which he contends substantiates that trustee Winsor did not act in good faith, the note never was properly admitted into evidence. Evidence not admitted before the trial court may not be presented on appeal. *See State v. Wright,* 558 A.2d 946, 949–50 (R.I.1989), *abrogated on other grounds by State v. Brennan,* 627 A.2d 842 (R.I.1993). Because Mr. Johnson presented no evidence at trial to support his counterclaim alleging trustee misconduct, we find that the trial justice did not err by dismissing Mr. Johnson's counterclaim and approving the accounting of the trustees.

Accordingly, Mr. Johnson's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in the case are remanded to the Superior Court.

Justice ROBINSON did not participate.