**Supreme Court**

No. 2013-63-Appeal.
(PC 06-3336)

David F. Miller et al.           :

v.                               :

Metropolitan Property and Casualty Insurance   :
            Company et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

David F. Miller et al.               :

v.                                   :

Metropolitan Property and Casualty Insurance   :
          Company et al.

Present: Suttell, C.J., Flaherty, and Robinson, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.**   Metropolitan Property and Casualty Insurance Company (Metropolitan or defendant) appeals from the denial of its motion to dismiss an appeal filed by David F. Miller (Miller or plaintiff).  Metropolitan argues that the plaintiff's appeal was untimely pursuant to Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure and should, therefore, be dismissed.  The plaintiff counters that the appeal was not only timely, but also that the order from which he appealed had merged into a previously appealed order and, therefore, the defendant's motion to dismiss was moot.  This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.  After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument.  For the reasons set forth in this opinion, we affirm the order of the Superior Court.

# I

## Facts and Procedural History

The plaintiff filed a complaint against Amica Mutual Insurance Company, Amica Property and Casualty Insurance Company (collectively Amica), and Metropolitan in July 2006.[1] The plaintiff's complaint alleged multiple counts: tortious interference with contractual relations; tortious interference with prospective contractual relations; malicious prosecution; abuse of process; continued tortious interference with contractual relations; continued tortious interference with prospective contractual relations; and violation of the Rhode Island Deceptive Trade Practices Act. The defendants were granted partial summary judgment in 2010 on all counts except abuse of process.

The case proceeded to trial in May 2012 on plaintiff's abuse-of-process claims against Metropolitan and Amica. After plaintiff rested, defendants moved for judgment as a matter of law pursuant to Rule 50(a) of the Superior Court Rules of Civil Procedure. The trial justice denied the motion. The defendants again moved for judgment as a matter of law following the presentation of all evidence, and the motion was once again denied. The case was submitted to the jury, along with two separate verdict forms, one for Metropolitan and one for Amica. The jury found Metropolitan and Amica liable for abuse of process and awarded $449,544.66 in compensatory damages against each defendant, as well as $500,000 in punitive damages against Amica and $750,000 in punitive damages against Metropolitan. On May 31, 2012, judgments were entered in favor of plaintiff against Metropolitan in the amount of $1,758,950.65, including

---

[1] The complaint also included Miller's Auto Body, Inc. as a plaintiff and Allstate Insurance Company, Inc. as a defendant. Both of these parties were dismissed from the case on motions for summary judgment in 2010.

prejudgment interest, and in favor of plaintiff against Amica in the amount of $1,508,950.65, including prejudgment interest.

Metropolitan and Amica each renewed their motions for judgment as a matter of law and also moved for a new trial. The trial justice denied Metropolitan's motions but granted Amica's motion for judgment as a matter of law on the ground of insufficient evidence. The trial justice also conditionally granted Amica's motion for a new trial in the event that his ruling on the motion for judgment as a matter of law was found to be erroneous. Two orders reflecting these decisions were entered on August 20, 2012, one for Metropolitan and one for Amica.

On August 27, 2012, plaintiff filed a notice of appeal, listing Amica as the only defendant and citing the August 20, 2012 order in favor of Amica as the subject of the appeal. On August 31, 2012, Metropolitan filed a notice of appeal from the May 31, 2012 judgment and the August 20, 2012 "new trial/Rule 50 order." In the space provided for the names of plaintiff and defendant on this notice of appeal, Metropolitan referred to an exhibit attached to its notice, which listed Metropolitan, Amica, and Allstate Insurance Co. as defendants. On September 18, 2012, plaintiff filed a notice of cross-appeal from the May 31, 2012 judgment, "only as it constitutes a final judgment as to Counts I, II, V, and VI of Plaintiff's Second Amended Complaint."[2] Metropolitan then filed a motion to dismiss plaintiff's September 18 cross-appeal, arguing that the appeal was untimely because it was not filed within the extended twenty-day appeal period following plaintiff's August 27 notice of appeal.

---

[2] These counts were: tortious interference with contractual relations; tortious interference with prospective contractual relations; continued tortious interference with contractual relations; and continued tortious interference with prospective contractual relations. These counts were dismissed as to all defendants on a motion for partial summary judgment, which was granted in 2010.

The trial justice denied Metropolitan's motion to dismiss plaintiff's September 18 cross-appeal. The trial justice reasoned that plaintiff's cross-appeal was timely because it was filed within twenty days of Metropolitan's August 31 notice of appeal. The trial justice reasoned in the alternative that plaintiff's September 18 notice of appeal may have been unnecessary, because the order from which he appealed could have merged into the order that was the subject of his August 27 notice of appeal. Metropolitan appealed from the trial justice's order denying its motion to dismiss plaintiff's September 18 cross-appeal; it is this latter order that is currently under review before this Court.

## II

### Standard of Review

We generally use an abuse-of-discretion standard when reviewing a Superior Court's decision on a motion to dismiss an appeal. Small Business Loan Fund Corp. v. Gallant, 795 A.2d 531, 532 (R.I. 2002). We will, however, employ a de novo standard when reviewing questions of law. UAG West Bay AM, LLC v. Cambio, 987 A.2d 873, 877 (R.I. 2010). Like issues of statutory construction, "[t]he proper construction of a court rule is a question of law." State v. Chase, 9 A.3d 1248, 1253 (R.I. 2010).

## III

### Discussion

The gravamen of Metropolitan's motion to dismiss plaintiff's September 18 notice of appeal centered on the argument that the appeal was untimely pursuant to Rule 4(a). Rule 4(a) provides in pertinent part:

> "In a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within twenty (20) days of the date of the entry of the judgment, order, or decree appealed from * * *. If a timely notice of appeal is filed by a party, any other

- 4 -

party may file a notice of appeal within twenty (20) days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this subdivision, whichever period last expires."

The initial twenty-day appeal period in this case ran from August 21, 2012 to September 10, 2012.[3] The plaintiff's August 27 notice of appeal was filed within this period. Pursuant to Rule 4(a), plaintiff's August 27 notice of appeal triggered a new twenty-day period during which "any other party" could file a notice of appeal; this period ran from August 28, 2012 to September 17, 2012.[4] Metropolitan's August 31 notice of appeal was filed within both the first and second twenty-day appeal periods. The plaintiff's September 18 notice of cross-appeal, however, was not filed within either of these twenty-day periods.

The plaintiff argues that his September 18 notice of cross-appeal was timely because a new twenty-day appeal period began to run upon the filing of Metropolitan's August 31 notice of appeal. This period would have run from September 1, 2012 to September 20, 2012. The plaintiff asserts that Metropolitan's August 31 appeal triggered a new twenty-day period pursuant to Rule 4(a) because "[t]his was the first notice of an appeal that was adverse to [plaintiff's] interest." Metropolitan disagrees; it contends that "[b]ecause [its August 31] notice of appeal was the second notice of appeal filed in this matter, [it] did not alter or affect the extended appeal period under Rule 4(a)." Thus, according to Metropolitan, the twenty-day appeal period triggered by plaintiff's August 27 notice of appeal, ending on September 17, was the only "extended appeal period" provided in this case pursuant to Rule 4(a), and any appeals filed after September 17 would be untimely.

---

[3] Counting August 21 as day one, September 9 would have been day twenty. However, September 9, 2012 was a Sunday, which means that the appeal period was extended by one day. See Article I, Rule 20(a) of the Supreme Court Rules of Appellate Procedure.
[4] Once again, the twenty-day period would have ended on September 16, 2012 but was extended by one day because September 16 was a Sunday.

- 5 -

The trial justice accepted plaintiff's construction of Rule 4(a), electing to treat plaintiff's August 27 appeal and Metropolitan's August 31 appeal as "distinct appeals," and allowing a "20-day period to run after a filing as to each particular document that [was] filed in this particular matter." The trial justice relied in part on a case that construed the federal counterpart to our Rule 4(a), which interpreted the phrase "first notice of appeal" to mean the first notice filed by an adverse party. See Lee v. Coahoma County, Mississippi, 937 F.2d 220, 223 (5th Cir. 1991).

We have previously stated that "where the federal rule and our state rule of procedure are substantially similar, we will look to the federal courts for guidance [and] interpretation of our own rule." Crowe Countryside Realty Associates, Co., LLC v. Novare Engineers, Inc., 891 A.2d 838, 840 (R.I. 2006) (quoting Smith v. Johns-Manville Corp., 489 A.2d 336, 339 (R.I. 1985)). Rule 4(a)(3) of the Federal Rules of Appellate Procedure mirrors our Rule 4(a) in all material respects.[5] The Committee Note to the initial version of the federal rule "indicated that the provision would remedy the difficulties that arose when a party who had no wish to appeal unless its adversary appealed learned of the adversary's appeal only after the running of the original appeal time." 16A Fed. Prac. & Proc. Juris. § 3950.7 (4th ed.). After reviewing this historical context, we agree with the court in Lee, cited by the trial justice in the instant case, that "Rule 4(a)(3)'s purpose [is] to allow all parties an opportunity to see and respond to the actions of their adversaries." Lee, 937 F.2d at 223. Applying this rationale to our own Rule 4(a), it is clear that the rule should be interpreted to provide a twenty-day appeal period after the first timely notice of appeal from an adverse party.

---

[5] Rule 4(a)(3) of the Federal Rules of Appellate Procedure provides as follows: "Multiple Appeals. If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

In the procedural posture of this particular case, plaintiff's August 27 notice and Metropolitan's August 31 notice must be conceptualized as two distinct appeals. The trial justice issued two separate orders on August 20: one for Amica and one for Metropolitan, with opposite results. The plaintiff's August 27 notice of appeal listed only Amica as defendant, with "August 20, 2012" as the "Date of Judgment/Order Appealed From," and the box labeled "Defendant(s)" was checked for the prevailing party. This notice of appeal indicates an intention to appeal only the trial court's decision in favor of Amica; furthermore, the parties agree that this appeal did not involve Metropolitan.[6]

Thus, it was not until Metropolitan's August 31 notice of appeal that plaintiff even became aware that Metropolitan would also be involved in appellate proceedings in this case. The procedural posture of this scenario put plaintiff into the category of "a party who had no wish to appeal unless [his] adversary appealed," with Metropolitan being the adverse party. See 16A Fed. Prac. & Proc. Juris. § 3950.7 (4th ed.). Therefore, the purpose behind Rule 4(a) supports an interpretation that provides an additional twenty-day appeal period triggered by an appeal—such as Metropolitan's—that constitutes the first appeal adverse to a potential cross-appellant's interests.

In Greensleeves, Inc. v. Smiley, 942 A.2d 284, 291 n.12 (R.I. 2007), we noted that the introductory language of this Court's Rules of Appellate Procedure "states that the rules are to be construed so as 'to promote the just, speedy and inexpensive determination of every matter that comes before the Supreme Court.'" Although the twenty-day appeal period is jurisdictional and may not be waived absent a finding of excusable neglect, see Wachovia Bank v. Hershberger,

---

[6] Indeed, Metropolitan asserts that plaintiff "did not even serve a copy of the August 27 notice of appeal on Metropolitan's counsel at the time it was filed."

911 A.2d 278, 280 (R.I. 2006) (mem.), we are constrained to conclude that a literal interpretation of Rule 4(a) in this context would lead to an unjust, illogical, and indeed absurd, result.

In this case, plaintiff was the first party to file an appeal. A strict reading of the rule permits only "any other party" to receive the benefit of a second twenty-day appeal period.[7] Even if we were to interpret Rule 4(a) as granting the original appellant an additional twenty-day period triggered by his own notice of appeal, one party could foreclose another from filing a cross-appeal simply by waiting until the final day of the second appeal period to file his notice of appeal. For example, if we construe Rule 4(a) in the manner suggested by Metropolitan, the following scenario would have been possible: if Metropolitan had waited until September 17 (the final day of the twenty-day appeal period beginning with plaintiff's August 27 appeal) to file its appeal, then plaintiff, upon receiving notice of this appeal, would have been unable to assert a timely cross-appeal regarding the pretrial order decided in favor of Metropolitan.[8]

This interpretation of Rule 4(a) would have forced the plaintiff to file a preemptive appeal against Metropolitan, in order to protect his interests in the event that Metropolitan chose

---

[7] Procedural rules, like statutes and ordinances, should not be understood in a manner that can only be described as "myopic literalism." Peloquin v. Haven Health Center of Greenville, LLC, 61 A.3d 419, 425 (R.I. 2013) (quoting Mendes v. Factor, 41 A.3d 994, 1002 (R.I. 2012)). Keeping that principle in mind, we are convinced that Article I, Rule 4(a) of the Supreme Court Rules of Appellate Procedure should "be read in its proper context, not viewed in isolation." In re Brown, 903 A.2d 147, 149 (R.I. 2006) (citing McCarthy v. Bronson, 500 U.S. 136, 139 (1991)). In our opinion, the "proper context" of Rule 4(a) militates against the narrow reading for which Metropolitan has advocated.

[8] It appears that plaintiff in this case had to file a cross-appeal in order to challenge the trial justice's pretrial ruling in favor of Metropolitan. See David A. Wollin, Rhode Island Appellate Procedure § 4:5, 4-11 (West 2004) ("A cross appeal is not necessary when the appellee simply wants to defend the judgment obtained below, even if it is on grounds different from those on which the judgment was based. However, if the prevailing party in the trial court wishes to overturn one of the lower court's rulings below, a cross appeal must be filed."). Furthermore, if Metropolitan had not filed any notice of appeal in this case, it would have been unfairly prejudicial to allow plaintiff to challenge—in the context of his appeal against Amica—the pretrial order decided in favor of Metropolitan.

to file its own notice of appeal at the end of the second twenty-day appeal period. We decline to interpret Rule 4(a) in a manner that would allow a party to gain an unfair tactical advantage by simply waiting until the twentieth day to file its notice of appeal and which, consequently, would produce unnecessary, preemptive appeals. Accordingly, we hold that the plaintiff's September 18 notice of cross-appeal was timely because it was filed within the twenty-day period triggered by Metropolitan's August 31 notice of appeal, which was the first notice in this matter filed by a party adverse to the plaintiff's interests.[9]

## IV

### Conclusion

For the reasons stated herein, we affirm the order of the Superior Court. The record shall be returned to the Superior Court.

Justice Goldberg and Justice Indeglia did not participate.

---

[9] The plaintiff also asserts that the doctrine of merger should apply to this case, rendering his September 18 cross-appeal superfluous and Metropolitan's motion to dismiss his cross-appeal moot. Because we have determined that plaintiff's September 18 cross-appeal was timely filed pursuant to Rule 4(a), we need not address the issue of merger.



# RHODE ISLAND SUPREME COURT CLERK'S OFFICE

## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:** David F. Miller et al. v. Metropolitan Property and Casualty Insurance Company et al.

**CASE NO:** No. 2013-63-Appeal.
(PC 06-3336)

**COURT:** Supreme Court

**DATE OPINION FILED:** April 17, 2014

**JUSTICES:** Suttell, C.J., Flaherty, and Robinson, JJ.

**WRITTEN BY:** Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:** Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Gilbert V. Indeglia

Associate Justice William E. Carnes, Jr.

**ATTORNEYS ON APPEAL:**

For Plaintiff: John O. Mancini, Esq.

For Defendant: Lauren E. Jones, Esq.